JOHN BLODGETT & others vs. EPHRAIM HILDRETH.

*If one tenant in common of land takes an assignment of a mortgage upon it, his co-tenants . who derive their title as heirs at law of the mortgagor, cannot maintain a petition for partition against him, although the mortgage and assignment are not recorded.*

PETITION FOR PARTITION of a tract of land in Townsend describing one half of the premises as owned by the respondent, or other persons unknown.

At the trial in the superior court, before *Morton, J.*, it appeared that John W. Swallow, the former owner of the premises, died in 1840, intestate, leaving as his heirs at law Alice M. Swallow, Sophronia Swallow, Sarah S. Blodgett and Lucinda Hildreth; that thereafter Alice, Sarah and Lucinda conveyed their interest in the premises to Sophronia; that Alice then died, unmarried and childless; that Sarah then died, leaving children; that Sophronia then died, in 1854, leaving as her heirs at law Lucinda and the children of Sarah. The petitioners are the surviving children of Sarah, and the heirs of those who have died; and they claim to own one half of the estate.

It further appeared that in November 1837, John W. Swallow executed a mortgage of the premises to Jephtha Cummings, to secure a note for $344; that in 1839 this mortgage was assigned to John Cummings, whose executor in 1854 assigned it to Lucinda Hildreth, the respondent's wife; that in 1856 the respondent and Lucinda conveyed her interest in the land to one Reed, who on the same day transferred the same to the respondent by deed of quitclaim. Lucinda has since died. Various payments had been made upon the note, so that only about $40 remained due upon it at the time of the assignment to Lucinda. The mortgage and assignments and deeds to Reed and the respondent were not recorded till after the commencement of this petition.

There was also evidence tending to show that the conveyance to Sophronia by the other heirs of John W. Swallow was in trust for Lucinda; but this became immaterial.

The judge ruled that the petitioners were entitled to maintain their petition, and directed a verdict accordingly; and reported the case for the determination of this court.

*D. S. Richardson & T. H. Sweetser*, for the petitioners. 1. When this petition was commenced, the records did not show any mortgage upon the premises, or any conveyance of Lucinda's share in the premises. The respondent now seeks to defeat the petition, as holder of an unrecorded mortgage. But assuming him to be tenant in common of one half, and holder of this mortgage upon the whole of the premises, one half of the mortgage is merged, and the other half only is held on the petitioners' interest, and, by Gen. Sts. *c.* 136, § 43, that interest is not affected by partition and cannot defeat the petition. 2. Sophronia took three fourths of the estate by purchase from the other heirs. At her death, the petitioners succeeded to their share of these three fourths as her heirs, and not as heirs of John W. Swallow ; and therefore this unrecorded mortgage cannot be set up against them. 3. But if the petitioners were bound by the mortgage, they are not by the unrecorded assignments of it, which were between strangers. *Chase* v. *Woodbury*, 6 Cush. 143. *Newell* v. *Woodruff*, 30 Conn. 498. 4. Lucinda and the petitioners were jointly liable to pay the mortgage debt, and when she paid it and took an assignment of the mortgage, it discharged the land from the mortgage, and left to her the remedy of contribution. *Taylor* v. *Porter*, 7 Mass. 354. She, being a tenant in common, could not purchase the mortgage for her exclusive benefit. *Van Horne* v. *Fonda*, 5 Johns. Ch. 407.

*W. P. Webster*, for the respondent.

DEWEY, J. The respondent held the title of Jephtha Cummings as mortgagee of John W. Swallow, and as such mortgagee, if the title be found to be a valid one, he may effectually defeat this petition for partition, while such mortgage is outstanding. *Fuller* v. *Bradley*, 23 Pick. 9. This title is held by the respondent under an assignment, and not as a discharged mortgage, giving rights of contribution as against co-tenants.

Various objections are taken to this title. 1. It is said that

it was not recorded at the time of the decease of Sophronia Swallow, who held the same in part as heir at law, and in part by releases from her co-heirs. As against purchasers or attaching creditors of the mortgagor, this objection of want of registry might be fatal. But the mortgage was valid and effectual as against the mortgagor and his heirs, without such registry. Rev. Sts. *c.* 59, § 28. The mortgage deed was therefore valid as against Sophronia Swallow and her three sisters, whose only claim was that of heirs at law of John W. Swallow. The petitioners make no other title than one through Sophronia Swallow and other heirs at law, and can take no better title than the mortgagor had.

2. It is urged that the acquisition of the mortgage title by Lucinda Hildreth, while an owner of a moiety of the equity of redemption of the same, operated to discharge the mortgage, and only left in her the right to compel contribution from the other co-tenants of the equity. This mortgage was not paid, but merely assigned, and therefore raises no question of the right of the various parties to have this purchase treated as other than an assignment. If it operated as a merger as to the moiety of Lucinda Hildreth, it left the mortgage in full force as to the other portions of the estate, and this would be a sufficient foundation for the objection to the partition. The facts do not present the case provided for in Gen. Sts. *c.* 136, § 43.

3. It is then objected that one tenant in common cannot purchase an outstanding title, or incumbrance upon the joint estate, for his exclusive benefit, and assert the same to the prejudice of his co-tenant in any way. That principle cannot be properly applied to a purchase of an outstanding mortgage upon the joint estate. Such a title may temporarily enure to the benefit of a co-tenant who elects to make such purchase. But it leaves the other party in the full enjoyment of the right of redemption that he previously enjoyed. He may, as he would have been required to do in the case of the mortgage title remaining in the hands of a third person, pay the whole amount of the incumbrance, and be put in possession of the whole premises, unless the co-tenant elects to contribute his share.

The respondent here sets up a valid title as assignee of the mortgagee, and this is sufficient to prevent the granting of this petition for partition. The fact that he has also an interest as part owner of the equity of redemption does not oust him of his higher and superior title as mortgagee.

In the present aspect of the case, it is unnecessary to consider the further question raised as to the alleged trust in Sophronia Swallow for and in behalf of the wife of the respondent, and how far that alone should defeat this petition. The result is, that the petition cannot be sustained.