LILLIE JACKSON ET AL. v. JOHN BAIRD ET AL.

(Filed 25 May, 1908.)

1. **Tenants in Common—Lands Sold—Purchase by Tenant—Debt of Ancestor—Evidence—Interest Acquired.**
    Evidence that S. bought the land held by tenants in common by inheritance, which was sold to pay debts of the ancestor, for and in behalf of one of the tenants, and made deed to him therefor, is insufficient to establish that he thereby holds it in trust for the others or that the legal or equitable title thus acquired must inure to the joint benefit of them all, when there is no evidence of suppression of bids or that the sale was not fairly conducted.

2. **Same.**
    One tenant in common in lands held by the cotenancy by inheritance may become the purchaser at the sale of the land to pay the debts of the common ancestor and hold all the land thus acquired in his own right.

ACTION tried before *Guion, J.,* and a jury, at September Term, 1907, of BUNCOMBE.

This is an action brought by the plaintiffs to establish their claim to be tenants in common with the defendant John Baird in the land described in the complaint, and to convert the defendant Laura Baird, who holds the legal title, into a trustee for the benefit of the plaintiffs and John Baird.

At the conclusion of the plaintiffs' evidence the defendants moved to nonsuit, which motion was allowed. The plaintiffs appealed.

*Frank Carter, H. C. Chedester* and *R. V. Wolfe* for plaintiffs.

*T. B. Womack* for defendants.

BROWN, J. It is admitted that Robert Baird was the owner of the land in controversy, and that he executed a deed in trust to secure $150 to S. H. Reid, trustee. After Robert Baird's death the land was sold by the trustee, who conveyed it to Mrs. Julia D. Shuford for a consideration of $286, by deed dated 26 May, 1898. George Shuford and his

wife, the aforesaid Julia, conveyed the land to defendant Laura Baird, wife of defendant John Baird, by deed dated 28 May, 1898. The trustee's deed to Mrs. Shuford, although dated 26 May, recites that the sale took place on 28 May. It appears that Laura Baird joined in the execution of the note and deed in trust along with Robert Baird. The plaintiffs allege that the debt was contracted for John Baird's benefit. The defendants deny this, and aver that John Baird signed as surety for his father, Robert Baird. The evidence offered upon this point is very meager and tends to prove that the money borrowed was used in building a house upon the tract of land in controversy, which belonged to Robert Baird.

This case was presented to this Court upon the theory that there is evidence that Shuford bought in the property in trust for Baird, and that consequently, as Baird is a tenant in common with plaintiffs, the title he acquired, whether legal or equitable, must inure to the joint benefit of all. We do not think there is any evidence whatever of a fraudulent combination between Shuford and Baird to effect a secret sale of the property or to suppress bidding, although the testimony of George Shuford may possibly be susceptible of the construction that he intended the property for Baird and that he was acting in his interest.

The contention of plaintiffs that John Baird could not acquire the exclusive title at the sale is founded upon a misapprehension of the law. The general rule is well settled that one cotenant cannot purchase an outstanding title or encumbrance affecting the common estate for his own exclusive benefit, and assert such right against his cotenants. But that rule does not apply under the facts of this case. The title which was acquired by Shuford, assuming that he acquired it for Baird, was not an outstanding title adverse to the title of Robert Baird. It was the title of Robert Baird himself, the common ancestor under whom all claimed, and the sale was being made under a deed executed by such ances-

tor and to pay his debts, which were an encumbrance on the land when it descended to plaintiffs and their coheir. It is held in this State that one cotenant lawfully may purchase his cotenant's share of the common property under execution sale to pay the debt of such cotenant. Likewise it is held that one of the cotenants may purchase the entire property at a sale to pay the common ancestor's debt. *Baird v. Baird,* 21 N. C., 524. In that case *Chief Justice Ruffin* says: "It is a very common case that one brother buys at sheriff's sale the undivided estate of another brother in descended lands, either for debt of the ancestor or that of the brother himself contracted after the father's death; and we believe the legality of such a purchase has never been questioned." Again: "It is not the duty of one heir, or of one tenant in common as such, to pay the debts of another tenant in common, * * * nor to refrain from buying to his own disadvantage, more than it is the duty of any other person wholly unconnected with them." So it is said by *Judge Gaston* that "a tenant in common, as such, is not a trustee for his cotenant." *Saunders v. Gatlin,* 21 N. C., 92.

It is likewise held in England that there is no fiduciary relation existing between tenants in common, as such, and that a tenant in common of property *previously mortgaged,* who purchased the entire property at the mortgage sale, was entitled to hold it for his sole benefit. This is an interesting case, decided by the House of Lords and Privy Council, in which an elaborate opinion is delivered by Lord Herschell and concurred in by the other Lord Justices. See, also, 17 Am. and Eng. Enc., 676, and cases cited; also, Freeman on Cotenancy, secs. 162-165; *Blodgett v. Hildreth,* 90 Mass., 186; *Sutton v. Jenkins,* 147 N. C., 11.

When the land in controversy descended upon these plaintiffs and upon their coheir, John Baird, it was encumbered with the mortgage to Reid made by their ancestor. When that mortgage was foreclosed in the manner allowed by law

any one of the heirs had a right to purchase the entire estate to protect his own interest, and he would acquire the title, discharged of any trust to his coheirs. · There is no evidence that John Baird agreed to purchase for the benefit of the other heirs, or endeavored to suppress bidding, or practiced any other fraud upon his cotenants. So far as the record discloses, the sale appears to have been fairly made by the trustee, and it was open to the plaintiffs, or any of them, to attend and purchase if they so desired.

We think, therefore, the judgment of nonsuit should be Affirmed.