B. E. EVERHART ET AL. v. M. A. ADDERTON ET AL.

(Filed 17 April, 1918.)

1. **Mortgages—Tenants in Common—Division of Lands—Foreclosure— Rights of Mortgagee—Rights of Purchaser.**

    Where a mortgagee sells lands under the power contained in the mortgage given by tenants in common, without suggestion of fraud or irregularity, the fact that subsequent to the execution of the mortgage and before the sale, the mortgagors severed the cotenancy by dividing the lands, in no wise affects the rights of the mortgagee to his lien upon the whole land or that of the purchaser to receive his deed upon paying the amount of his bid.

2. **Mortgages—Foreclosure—Sales for Cash—Payment—Rights of Mortgagors.**

    Where according to the terms of the mortgage the lands have been advertised and sold for cash, the fact that the mortgagee did not require the purchaser to pay his bid for 19 days cannot, alone, advantage the mortgagor in his endeavor to set aside the sale.

3. **Mortgages—Foreclosure—Auctioneer—Memorandum—Contracts—Rights of Purchaser.**

    The purchaser at a sale under foreclosure under the power conferred in a mortgage of lands may enforce the contract and demand his deed upon payment of his bid, after the auctioneer has signed the memorandum thereof.

4. **Mortgages—Foreclosure—Purchaser—Mortgages.**

    The principle forbidding a mortgagee to buy in the lands subject to his mortgage has no application to a mortgagor's becoming the purchaser at the sale, in the former instance the mortgage remaining notwithstanding the sales thereunder.

5. **Tenants in Common—Severance of Title—Mortgages—Foreclosure—Purchaser.**

    Where tenants in common mortgage lands and thereafter divide them among themselves, at a foreclosure sale thereafter made by the mortgagee, under the power contained in the instrument, either of them may bid in the property, the relationship of tenants in common having been severed,

and hold for himself the title thus acquired; and the principle that a tenant in common holds an acquired title for the benefit of all has no application.

6. **Tenants in Common—Mortgages—Purchasers—Husband and Wife.**

    *Semble,* a wife of a tenant in common who has joined in their mortgage to convey her contingent right of dower may become the purchaser at the foreclosure sale under the power of sale therein contained.

APPEAL from *Harding, J.,* at November Term, 1917, of DAVIDSON.

By consent the facts were found by the judge. Frank C. Clemmons and George Foster were tenants in common of the lands described, and in June, 1909, executed to M. A. Adderton a mortgage thereon to secure the sum of $300, their wives joining in the conveyance. The mortgage was duly registered and default having been made, the land was duly advertised and sold on 5 March, 1917, under the power of sale, when Fannie Foster, wife of said George Foster, was declared the highest bidder in the sum of $450, by the auctioneer, who gave a memorandum in writing thereof. On 31 June, 1910, after the note became due, the mortgagors, Foster and Clemmons, divided the lands among themselves equally, each assuming payment of one-half the debt, but such agreement was without the knowledge or consent of the mortgagee.

On 23 March, 1917, Frank C. Clemmons conveyed his half interest in the land to B. E. Everhart and on same day said Everhart and Clemmons tendered to the mortgagee one-half the amount due on the note secured by the mortgage and one-half the cost of the sale, which was declined by the said Adderton and on the next day they commenced this action and filed a complaint to compel the defendant mortgagee to accept such tender and to redeem the mortgage and cancel the same of record. On the same day after the summons was issued and the complaint filed, Fannie Foster tendered M. A. Adderton, the mortgagee, the sum of $450, the purchase price of the land which she had bid off at the mortgage sale on 5 March, and demanded of the mortgagee to make a deed to her as such purchaser, which tender was declined. She and others claiming an interest were made parties to this action.

The court further finds that at the time of the tender by Fannie Foster of the purchase money she was and has been at all times since said date ready, able, and willing to pay the purchase price and accept the deed from the mortgagee. And that the same was true as to B. E. Everhart and his tender of one-half the indebtedness, and that M. A. Adderton is willing, ready, and able to make a deed as directed by the court either to Fannie Foster as purchaser of the whole tract or to B. E. Everhart for his one-half of said tract.

The court, upon these findings, adjudged that the mortgagee receive from the defendant Fannie Foster the sum of $450, the amount of her

bid at the foreclosure sale and as mortgagee execute to her a conveyance of the entire tract of land described in the mortgage as sold at the foreclosure sale and out of the proceeds pay first the expenses of said sale, then the note secured by the mortgage and the remainder, if any, to the mortgagors.

*Walser & Walser for Fannie Foster.*
*Raper & Raper for plaintiffs.*

CLARK, C. J. The mortgage was regularly executed and covered the entire tract of land and upon default the sale was duly advertised and Fannie Foster was the last and highest bidder. There is no allegation, suggestion, or finding that there was any fraud, oppression, or irregularity as to the execution and registration of the mortgage or in the advertisement and sale. At the time of the execution of the mortgage the plaintiffs Frank Clemmons and George Foster were cotenants. The fact that subsequent to the execution of the mortgage, and before the sale, they severed the cotenancy in no wise affected the rights of the mortgagee, who had a lien upon the entire undivided tract and legally exercised the power of sale as to the whole tract. The plaintiff Clemmons having sold his half interest in the land to Everhart, has no interest in this action. The plaintiff Everhart having bought Clemmons' interest, after the sale acquired nothing except Clemmons' right to receive one-half the proceeds of the sale, if any, after payment of the costs of the sale and the mortgage debt.

The defendant Adderton, mortgagee, could not be compelled to accept one-half the mortgage note and release the one-half the land which had been assigned to Clemmons in the partition between him and Foster. Fannie Foster, having bought the entire tract of land, could not be required to accept one-half the land on payment of one-half of the bid.

There is no equity shown to set aside the sale duly made under the power in the mortgage, and the court properly adjudged that the mortgagee should accept payment of the bid and execute title to the purchaser for the entire tract. The delay of payment for 19 days after the sale is not *per se* a forfeiture of her rights by the purchaser. It is not alleged or shown that the mortgagee demanded payment of said bid or that payment was refused. The right of the purchaser to enforce the contract was complete when the property was knocked off to the bidder and the auctioneer signed the memorandum. *Dickerson v. Simmons,* 141 N. C., 325; 27 Cyc., 1486.

It is true that the terms of sale in the mortgage was for cash, but the advertisement and sale, it seems, were made in strict conformity with such terms. 27 Cyc., 1481 (7). It was no deviation that the mortgagee

did not require the cash to be paid over till 19 days has elapsed. If any damage had resulted from such delay, the mortgagee could have refused to execute title. But no opposition is made by the mortgagee in this case, nor is any refusal to comply on the part of the purchaser shown.

This is not the case of a mortgagee buying at his own sale. In such case, the mortgagor being in the power of the mortgagee, the mortgage remains a mortgage notwithstanding the sale.

In *McLawhorn v. Harris,* 156 N. C., 107, it is said that destroying the unity of possession of cotenants in common will dissolve the tenancy and thereafter a former tenant in common may acquire the entire property. In this case the tenancy in common having been dissolved before the sale, there was no reason why Foster, himself, one of the former cotenants, might not have bought at this sale. Indeed, though a cotenant who buys in an outstanding title or lien upon the common property must hold it for the common benefit, he may become the purchaser at the sale of land to pay debts and hold the entire tract in his own right for the sale destroys the cotenancy. *Jackson v. Beard,* 148 N. C., 29.

Where one tenant in common has caused the sale by his failure to pay his share of the debt, he is not allowed to buy and hold for his own benefit because of the opportunity for fraud. *Reed v. Buchanan,* 61 W. Va., 552, cited in *McLawhorn v. Harris, supra.* But in this case none of the debt was paid and the entire property having been sold under the mortgage, there is no reason why either tenant in common could not have bought the entire property, more especially as the unity of possession had been dissolved. *Sutton v. Jenkins,* 147 N. C., 16; 17 A. & E., 711.

In this case, moreover, the purchaser was not a tenant in common, but merely the wife of one of them, and had joined in the mortgage simply to release her contingent right of dower.

Affirmed.