H. K. RUARK ET AL. v. J. W. HARPER ET AL.

(Filed 15 October, 1919.)

1. **Tenants in Common—Husband and Wife.**

> The relationship of husband does not make the man a tenant in common of lands by reason of the fact that his wife is such tenant.

2. **Same—Deeds and Conveyances.**

> The husband may not acquire under a tax deed the interest of his wife as a tenant in common with others in lands, though he may acquire thereby the title of the others; and a deed made by the husband and wife of the lands he has thus acquired will convey the whole title to the purchaser. *Smith v. Smith,* 150 N. C., 81, cited and distinguished.

3. **Taxation — Tax Deeds — "Color" — Adverse Possession — Limitation of Actions.**

> A sheriff's deed for the nonpayment of the taxes on lands is "color" which will ripen the title in the purchaser by sufficient adverse possession for seven years.

**4. Same—Tenants in Common—Statutes.**

The statute permits the sheriff to sell the lands of tenants in common for the nonpayment of taxes, and a tenant in common to pay his or her part of the tax and let the other shares go ; and provides that three years possession by the purchaser under the tax deed bars the former rightful owners.  Rev., sec. 395 (10).

**5. Same—Husband and Wife—Deeds and Conveyances.**

Where the husband is a purchaser of lands held by his wife and others as tenants in common, under a sheriff's deed for the nonpayment of taxes, his adverse possession thereof for seven years will ripen the title under his deed against all except his wife, and their joint conveyance to a purchaser will convey the full title.

**6. Taxation—Evidence—Tax Deeds—Deeds and Conveyances—"Seal"—Presumptions—"Color"—Adverse Possession—Limitation of Actions.**

Where a certified copy of a sheriff's deed given for the nonpayment of taxes recites that the deed was under seal, the law presumes that the original deed was under seal; and were it otherwise, and the tax title does not comply with the statute, Rev., 395 (10), it is good as color of title, which seven years adverse possession will ripen into an absolute one.

**7. Limitation of Actions — Tax Deeds — Adverse Possession — Evidence—Equity—Actions—Cloud on Title.**

Where the purchaser of land under a tax deed for the nonpayment of taxes has used the land for such purposes as it was capable of for seven years under his deed, and his title has been ripened into an absolute one by such adverse possession, he may not be ousted therefrom upon the allegation that the relief sought is to remove a cloud upon the plaintiff's title.

**8. Taxation — Tax Deeds — Conditions Precedent—Actions—Statutes—Presumptions—Deeds and Conveyances.**

The plaintiff in an action to set aside a tax deed to lands must comply with the requirements of Rev., 2909, as to showing his own title at the time of the sale, the payment of all taxes due, and introduce evidence to rebut the statutory presumptions in favor of the regularity of the deed under which the purchaser claims.

APPEAL by defendants from *Calvert, J.,* at April Term, 1919, of NEW HANOVER.

This was an action to remove a cloud upon title to lands.  William Grissom died intestate in 1875 seized of three contiguous tracts of land in said county.  His wife died in 1889.  He owned no other land in said county at his death, after which the land was listed for taxes in the name of the "heirs of William Grissom."

The court found as facts: "The sheriff executed his tax deed to the said J. W. Mintz, husband of Emily A. Mintz, dated 27 May, 1901, recorded 5 January, 1904, for '164 acres in Federal Point Township, adjoining lands of W. J. Harris, listed as heirs of William Grissom'; thereafter said J. W. Mintz and Emily A. Mintz, by like description,

executed their deed to W. A. McQuillan, dated 12 June, 1903, and recorded 22 December, 1905; thereafter said McQuillan and wife, by like description, executed their deed to J. W. Harper, the ancestor of the present defendants, Harpers, dated 6 August, 1912, and recorded 7 August, 1912, which deeds appear in the record.

"J. W. Harper, the original defendant herein, has died since the commencement of this action, leaving a last will and testament under which he devised, after certain bequests, his estate to the defendants, Ella C. Harper, his wife, and to his children, Catherine and James Harper, minors; and if said sheriff's deed is valid to convey the whole of said land they are entitled thereto in fee, or if valid to convey only the interest therein of Emily A. Mintz by virtue of the deed of herself and husband to W. A. McQuillan aforesaid, then to an undivided sixth of the whole and an undivided one-fifth of one-sixth part inherited by said Emily A. Mintz from her deceased brother, Edgar A. Grissom, subject to the dower right of his wife therein, the plaintiff, Cassie P. Grissom; provided the defendant heirs of Emily A. Mintz are not entitled to inherit these interests."

The court adjudged upon the pleadings and admissions that the plaintiffs and defendants were tenants in common and that the deed above mentioned constituted a cloud upon the title, and adjudged that they had no legal effect and the cloud should be removed. The defendants appealed.

*Iredell Meares for plaintiffs.*
*E. K. Bryan for defendants.*

CLARK, C. J. The court held that the sheriff's deed "if otherwise valid did not operate to convey the whole of said premises to said J. W. Mintz, because of his relation as husband of said Emily A. Mintz, who was a tenant in common, and the title remained unchanged and the cotenancy existing between them and her as cotenants continued thereafter."

In this there was error. Mintz was not a tenant in common by reason of the fact that his wife was, and while it has been held in *Jordan v. Simmons,* 169 N. C., 140, that the husband could not buy the wife's land at a tax sale and claim title against the wife, there is no obligation growing out of the marriage contract which invalidated his purchase of the interest of the other tenants in common.

The subsequent deed of J. W. Mintz and his wife, Emily A. Mintz, 12 June, 1903, to W. A. McQuillan purported to convey the whole of said land. It was effective to convey the wife's undivided one-sixth interest and the undivided five-sixths interest acquired by J. W. Mintz under the sheriff's deed.

The deed from the sheriff to J. W. Mintz was color of title, certainly as to the interest of the tenants in common other than the wife, and her one-sixth interest was undisputed, and the seven years possession would ripen title to the five-sixths interest acquired under the tax deed.

The statute law in regard to sales of real estate for taxes permits the sheriff to sell property held by tenants in common, and provides that three years possession under a tax deed bars the rightful former owners from the recovery of the property, without exception or reservation, Rev. 395 (10), and by statute one tenant in common is permitted to pay his or her part of the tax and let the other shares go.

It is true that this Court has held that a tenant in common in actual possession of the entire property could not permit the sale of the property for taxes and acquire the title as against his cotenants. *Smith v. Smith,* 150 N. C., 81. But this was put distinctly upon the ground of the tenant's occupancy of the entire property and his breach of duty in allowing the sale to take place, and in taking advantage of his own wrong by purchasing the property, but here the purchaser was not a tenant in common.

Indeed, Mintz was not a tenant in common at all, and there was no reason why he could not purchase the interest of all the cotenants except the interest of his wife, and that she conveyed by joining in the deed with her husband to convey the entire property to McQuillan, who afterwards conveyed to Harper.

In this case the husband of the tenant in common was not charged with the same trust that his wife would have been had she been in occupancy of the entire property. The tax deed was color of title to Mintz, the purchaser at the tax sale of all interests in the land except the wife's, and seven years occupancy would bar the recovery by the other tenants. Rev., 395; *Kivett v. Garner,* 169 N. C., 78; *Dobbins v. Dobbins,* 141 N. C., 210.

It was said in *Lumber Co. v. Cedar Works,* 168 N. C., 344, that the doctrine of possession by tenants in common would not be extended further than the Court has heretofore gone. In this case exclusive possession was taken by Mintz as purchaser, who was not a tenant in common and was retained by him. He did not buy from one tenant in common, but from the sheriff. His wife alone might claim that by his purchase of the other five-sixths interest he was tenant in common with her, but by joining with him in the deed to McQuillan, 12 June, 1903, they conveyed the entire interest, at least their deed was color of title, and McQuillan had the right to claim title to the whole and continue possession under said deed. He was not a tenant in common buying at the tax sale.

In *Everhart v. Adderton,* 175 N. C., 403, the Court said: "The pur-
chaser was not a tenant in common, but merely the wife of one of them."
There was evidence of seven years adverse possession which would ripen
the title in said McQuillan and those claiming title under him. *Gill v.
Porter,* 176 N. C., 451.

In this view it is unnecessary to consider the allegations of irregu-
larities in the sale for taxes and whether they were cured by the pre-
sumptions of regularity raised by the statute regulating sales of realty
for taxation. The tax deed to Mintz and the subsequent conveyance
by him to McQuillan being color of title which would ripen by seven
years adverse possession by said McQuillan and those claiming under
him, the defendants are entitled to have an issue submitted to the jury
upon that question, and also as to the three years possession under the
tax deed.

An issue should also be submitted to the jury as to the identity of the
land claimed by the plaintiffs and the defendants which is denied by
the pleadings.

The court erred in holding as a matter of law that the deeds from the
sheriff to Mintz and from Mintz and wife to McQuillan and Harper
constituted the defendants cotenants with the plaintiffs.

The certified copy of the sheriff's deed does not show a seal, but it
recites that the deed was under seal, and in such case the law presumes
that a seal was on the original deed. *Brown v. Hutchinson,* 155 N. C.,
205; *Edwards v. Supply Co.,* 150 N. C., 173; *Smith v. Lumber Co.,* 144
N. C., 47; *Heath v. Cotton Mills,* 115 N. C., 208.

Even though there is no seal, and the tax title does not comply with
the statute, it is good as color of title, and seven years occupancy is
sufficient to ripen the title in the possessor. *Kivett v. Garner,* 169 N. C.,
78; Rev., 395 (10). And this was expressly pleaded by the defendants.

It would seem that the description in the tax deed was sufficient.
*Fulcher v. Fulcher,* 122 N. C., 101.

The relief demanded in the complaint is to remove a cloud upon title.
This was doubtless because, as it seems, no one was in actual physical
possession at the time the action was brought, but the relief demanded
does not govern the remedy, which depends upon the facts admitted or
proven. If the jury shall find from the evidence that the defendants
or those under whom they claim were in such possession as the nature
of the premises permitted of, as cutting wood or otherwise, and exer-
cised such dominion over the premises for seven years under the tax
deed, then the defendant acquired title.

There was evidence of cutting wood and using other exclusive do-
minion over the property, and that McQuillan built a house upon the

property in which he lived and cultivated land upon it, and if the jury shall find that the defendants and those under whom they claim were in adverse possession of the land for seven years under color of title, then they cannot be ousted therefrom upon the allegation that the relief sought is to remove a cloud for his ripened title is title and not a cloud upon title.

Besides, the plaintiffs have not complied with the requirements of Rev., 2909: "No person shall·be permitted to question the title acquired by a sheriff's deed made pursuant to this chapter without first showing that he or the person under whom he claims title had title to the property at the time of the sale, and that all taxes due upon the property have been paid by such person or the person under whom he claims title." Nor have the plaintiffs put in any evidence to rebut the presumptions in favor of the regularity of the deed which are recited in that section. Then there is the provision as to the matters in regard to which the deed is conclusive proof.

The conditions precedent required in that section for bringing an action to set aside a tax deed cannot be avoided by the plaintiff's styling this action to be for the purpose of "removing a cloud from title."

Action dismissed.