## H. E. HARROLD v. GOOD ROADS COMMISSION.

(Filed 7 December, 1921.)

**Roads and Highways—Top Soil—Condemnation—Compensation—Damages—Value of Improvements—Statutes—Legislative Discretion—Constitutional Law.**

It is within the discretion of the Legislature to provide whether or not in assessing the damages of the owner of land, taken in condemnation for a public use, the increased value of the land may be considered in reduction; and where his top soil has been taken under the provisions of a statute, for the use or maintenance of a public road, providing for compensation, and there is no evidence as to the value of the soil so taken, the measure of his damages will be the difference in the value of the land before and after the soil had been removed.

APPEAL by defendant from *Shaw, J.,* at June Term, 1921, of WILKES.

This was a proceeding under ch. 345, Public-Local Laws of 1915, known as the "Wilkes County Road Law." Section 13 thereof relates to compensation for land taken for rights of way for public roads, and provides that where the land is taken for that purpose, if the owner and the road commission cannot agree upon compensation, he may apply to the clerk of the court to appoint a jury of three freeholders to go upon the land and assess the damages, with a right to either party to appeal to the Superior Court.

Section 15 of the act provides that, "If any owner of land . . . from which stone, gravel, soil, sand, clay, or rock, or other material was taken, as aforesaid (for repairing road), shall present an account for the same to the good roads commission or to its superintendent or other duly authorized employee, it shall be the duty of said commission to pay a just and reasonable price for the same"; and further provides the right to appeal to the Superior Court.

Verdict and judgment for $50, and appeal by defendant.

37—182

*Charles G. Gilreath for plaintiff.*
*F. B. Hendren and Hayes & Jones for defendant.*

CLARK, C. J. Two actions were brought, one under sec. 13 and the other under sec. 15, ch. 345, Public-Local Laws 1915, and were consolidated, thus making two causes of action, but as the evidence, the trial, the appeal, and the assignments of error are all under section 15, we need consider only that cause of action.

Section 15 provides as to the measure of compensation for taking the top soil as follows: "It shall be the duty of said commission to pay a just and reasonable price for the same." There is nothing said about either special or any other benefit being considered, and on an examination of the charge we do not find that the defendant has suffered any damage. The court told the jury, "In determining what would be a fair and reasonable price for top soil, you can take into consideration the quantity of land they scraped off in taking the top soil, how much top soil was taken off, and in what condition did they leave it—whether anything was growing on the land of any value at the time, and also what effect it had on the land in taking that top soil off. You can take all this into consideration in enabling you to tell what it was reasonably worth, if there was no market value for it, and there is no evidence of any market value." The court also charged the jury, "These witnesses have been permitted to express their opinion about the condition out there, and about how much was taken, and about what effect it had upon the land that was left, and whether it hurt it or improved it. I have also permitted them to express their opinion about the market value of the land before and after, but that is not the test. The test is, What would be the reasonable market value of this top soil, if it had any, and if not, what was the reasonable price for it?"

The court also charged the jury as follows: "In the outset of this case a whole lot of testimony was attempted to be offered whether the building of the road along there improved the plaintiff's property or was any special advantage to the plaintiff's property, but when we got down to the law in the case, these things don't have anything to do with your answer to this issue. Whether it decreased or increased the value of the plaintiff's property, or was any special benefit, or no special benefit, has nothing to do with it."

In *Miller v. Asheville,* 112 N. C., 768, the Court said: "The Legislature, in conferring upon the corporation the exercise of the right of eminent domain, can, in its discretion, require all the benefits or a specified part of them, or forbid any of them to be assessed as offsets against the damages. This is a matter which rests in its grace, in which neither party has a vested right, and as to which the Legislature can change its

mind always before rights are settled and vested by a verdict and judgment." This case was cited and approved in *Phifer v. Comrs.,* 157 N. C., 152. To same purport, *R. R. v. Platt Land,* 133 N. C., 272.

In *Campbell v. Comrs.,* 173 N. C., 501, the Court held that the Legislature, "in conferring the right of condemnation of lands for public use, may, in its discretion, and in compensation to the owner, require all the benefits, or a specified part of them, or forbid any of them to be assessed as offsets against the damage." These cases have been cited and approved in *Lanier v. Greenville,* 174 N. C., 317; *Powell v. R. R.,* 178 N. C., 249; *Elks v. Comrs.,* 179 N. C., 246.

All the above authorities are as to whether the condemnor is entitled to have the benefits, or any part of them, accruing to the landowner to be assessed as offsets to the damages which he may sustain, and it is held that this is a matter which rests solely in the legislative discretion. In the statute before us, Public-Local Laws 1915, ch. 345, sec. 15, there is no such provision, and the defendant, who is the appellant, taking the surface soil under the right of condemnation has no right to complain of the charge of the court in not allowing benefits, if any, to the owner's land to be assessed as offsets.

There being no proof of the market "value of this top soil," if such proof indeed was possible, we think a reasonable construction of the statute and a correct charge would have been that the plaintiff was entitled to recover compensation to be measured by deducting the market value of the spot after the surface soil was taken off, and the market value before this was done. If there was error, therefore, it was against the plaintiff, who is not appealing. Presumably, the amount allowed him by the jury was satisfactory. The defendant cannot complain that allowance for offsets by reason of benefits to the land, if any, were not considered, for the statute does not provide for this, and they could not have been allowed without statutory authority. The defendant cannot complain of the charge as given.

No error.