J. W. SUTTON v. GUY SUTTON, JOE SUTTON, MRS. NORA PATRICK, AND FRANK WOOTEN, TRUSTEE.

(Filed 7 April, 1937.)

Tenants in Common § 6—

One tenant in common, under obligation to discharge an encumbrance on the land, may not procure a foreclosure sale thereunder and acquire, directly or indirectly, the title to the entire interest to the exclusion of his cotenant.

APPEAL by defendant Guy Sutton from *Sinclair, J.,* at September Term, 1936, of PITT. Affirmed.

Action to set aside foreclosure sale and deed, and also to have defendant Guy Sutton declared to hold one-half interest in the described land in trust for the plaintiff.

The defendants demurred (1) on the ground of misjoinder of parties and causes of action, and (2) that the complaint did not state facts sufficient to constitute a cause of action. Pending the hearing and before judgment, plaintiff took a voluntary nonsuit as to all defendants except Guy Sutton.

From judgment overruling demurrer as to him, defendant Guy Sutton appealed.

*H. C. Carter and J. H. Harrell for plaintiff, appellee.*
*Albion Dunn for Guy Sutton, defendant.*

PER CURIAM. The material allegations in the complaint setting forth a cause of action against the defendant Guy Sutton may be stated concisely as follows: That in 1926 the plaintiff J. W. Sutton, the father, and defendant Guy Sutton, the son, purchased as tenants in common certain land at the price of $16,300, the plaintiff paying one-half therefor in cash, and he and defendant Guy Sutton executed deed of trust on the land for the remaining one-half of the purchase price, which deed of trust the defendant Guy Sutton agreed to pay off and discharge; that defendant failed to pay off the deed of trust which represented his one-half of the purchase price; that plaintiff was adjudged *non compos mentis* in 1927, and remained in that condition until 1934, when he was adjudged sane; that while plaintiff was insane, defendant Guy Sutton instigated and procured the sale of the land under foreclosure for the purpose of depriving plaintiff of his interest in the land and acquiring the title to the entire interest therein in himself, and that defendant Guy Sutton thereupon took title from the purchaser at the foreclosure sale, upon the execution of a deed of trust on the land for the

purported sale price of $5,778, and now holds the said land to the exclusion of the plaintiff.

It is apparent that the facts alleged are sufficient to constitute a cause of action against the appellant and that the demurrer was properly overruled. One tenant in common, under obligation to discharge an encumbrance on the land, may not procure a foreclosure sale thereunder and acquire, either directly or indirectly, the title to the entire interest in the land to the exclusion of his cotenant. Equity will declare him to have purchased for the benefit of the other. *Bailey v. Howell,* 209 N. C., 712; *Gentry v. Gentry,* 187 N. C., 29; *Smith v. Smith,* 150 N. C., 81.

Affirmed.