## ALICE E. A. HATCHER v. CHARLES F. ALLEN.

### (Filed 26 November, 1941.)

**1. Husband and Wife § 12b—Husband may not procure foreclosure of land held by entirety and acquire title at sale adverse to wife.**

Allegations to the effect that plaintiff and defendant, while husband and wife, had certain land conveyed to them as tenants by entirety, that they executed deeds of trust thereon, and that the husband, who collected rents from the lands, purposely allowed the deeds of trust to become in default in order to acquire the lands by purchase at foreclosure, that the deeds of trust on the property were foreclosed and the lands bought in by a third person acting for the husband, which third person thereafter conveyed to the husband, states a cause of action in favor of the wife to have the court declare that the husband still holds the title in trust for both of them, the rule that a tenant in common cannot inequitably acquire an outstanding title as against his cotenants being applicable with even greater reason to tenants by the entirety.

**2. Same: Reference § 1—**

When a husband inequitably acquires title at foreclosure of property formerly held by him and his wife as tenants by the entirety, the wife's right to have him declared a trustee is not dependent upon her payment of part of the original purchase price for the land, and therefore the action does not require a reference upon her evidence of checks and receipts introduced for the purpose of showing that she paid part of the purchase price.

**3. Reference § 3—**

When it is apparent on the face of the pleadings that plaintiff's cause of action is not barred, defendant's plea of the statute of limitations cannot be asserted by plaintiff as a plea in bar preventing a compulsory reference.

**4. Husband and Wife §§ 12b, 12c—**

    An estate by entirety is not terminated by acts of the parties constituting grounds for absolute divorce, and therefore the husband's allegations that the wife abandoned him and committed other acts causing their separation and ultimate divorce is no defense to the wife's action to have him declared a trustee upon allegations that he purposely permitted deeds of trust on the lands held by them by entirety to become in default in order to acquire the title by purchase at the foreclosure sale. In the present case the allegedly fraudulent foreclosure sale took place prior to the granting of the decree for absolute divorce, so that the estate by entirety was not changed into a tenancy in common until after the sale.

APPEAL by plaintiff from *Nettles, J.,* at September Term, 1941, of GASTON. Reversed.

Plaintiff and defendant, while husband and wife, purchased certain real property described in the complaint. Deed thereto was made to them as tenants by entirety. Thereafter, during coverture, they executed deeds in trust thereon to secure money borrowed. The property was sold in March, 1939, under the power of sale contained in the deeds of trust and purchased at the sale by one John L. Carson, who reconveyed to the defendant. Plaintiff and defendant were divorced in August, 1939.

The plaintiff alleges that she contributed $1,687.00 toward the payment of the purchase price of $3,000.00; that the defendant received all rent from the property and purposely permitted default so as to procure sale to enable him to purchase and oust the plaintiff of her interest; that the sale was not held in good faith but through the connivance of the defendant to enable him to acquire plaintiff's interest therein; and that defendant, through a third party, purchased at the sale.

When the cause came on for trial plaintiff undertook to prove the payment by her of a part of the purchase price. In so doing she produced 30 or 40 checks and receipts for identification. The court then being of the opinion that the trial would require the examination of a long account, withdrew a juror, directed a mistrial and entered an order of compulsory reference. The plaintiff excepted and appealed.

*J. L. Hamme for plaintiff, appellant.*
*No counsel for defendant, appellee.*

BARNHILL, J. It is with considerable difficulty that we cull out of the complaint the material allegations which tend to show the cause of action upon which plaintiff relies. It may be that we have not done so with complete accuracy. In any event, it appears there are but two real issues of fact involved.

It appears to be alleged, by inference, that plaintiff was one of the grantors in the deeds of trust referred to in the complaint. At the time

she was a tenant by entirety. When she joined in the mortgage she conveyed her interest therein in trust upon the conditions stipulated. Hence, it becomes immaterial as to what part, if any, of the purchase price she paid. The question is, has she been ousted of her title by a valid foreclosure sale so as to vest title in defendant to her exclusion?

While it is true that the decree of divorce severed the estate by entirety and, if the estate had not theretofore been destroyed, the plaintiff and defendant thereupon became tenants in common, *McKinnon v. Caulk,* 167 N. C., 411, 83 S. E., 559, the foreclosure was had prior to the entry of the decree of divorce. The estate by entirety had not then been converted into one of tenancy in common.

Upon the questions presented, as between tenants by entirety, there seems to be a paucity of authority. Even so, the principles of law controlling the conduct and acts of cotenants one toward the other apply with even greater reason to tenants by entirety. We may look, therefore, to the law of cotenancy under like circumstances.

If a cotenant willfully or negligently permits a mortgage lien upon common property to become in default to the end that he may acquire title at a foreclosure sale to the exclusion of his cotenants his purchase at the foreclosure is for the use and benefit of all.

"Where a cotenant acquires title from a sale under a deed of trust made by all the cotenants, for a debt binding all, and the sale is caused by his failure to pay his share of the debt, he cannot, under his right so derived, hold the land against his cotenants. It is obvious that if a cotenant causes the common property to be sold under a deed of trust or a mortgage or other lien, for the purpose of purchasing for his own benefit the outstanding title thus created, he is guilty of a breach of trust which precludes him from taking advantage of such title as against the other cotenants." 7 R. C. L., 860, sec. 53.

"The fact that a cotenant allows premises to be sold, and afterwards acquires the title, based upon such sale, by purchase, is evidence of bad faith on his part." 62 C. J., 441; *Peabody v. Burri,* 99 N. E., 690 (Ill.). One tenant in common will not be permitted to acquire title to the common property inequitably solely for his own benefit or to the exclusion of his cotenants." *Gentry v. Gentry,* 187 N. C., 29; *McLawhorn v. Harris,* 156 N. C., 107; 37 L. R. A. (N. S.), 831; 62 C. J., 456; 14 Am. Jur., 120.

If a cotenant purchases, either directly or indirectly, at a foreclosure sale under a mortgage or deed of trust binding on all the cotenants his purchase inures to the benefit of his cotenants and he will be regarded as holder for his cotenants. 62 C. J., 463; 14 Am. Jur., 123, 125.

Where a tenant in common purchases an outstanding title, it is presumed to have been done for the common benefit, and as a general rule

purchase or extinguishment of an outstanding title, encumbrance or claim by one tenant in common inures to the benefit of his cotenants at their option. However, such a purchase is not void, but the purchasing tenant is ordinarily regarded as holding the title or interest acquired in trust for all of the cotenants who must elect within a reasonable time to avail themselves thereof. 62 C. J., 456, and cases cited.

Where the purchase by a third person was only nominal, he merely acting as agent for one of the cotenants, a deed to him will be considered as a matter of form merely and a conveyance from him to his principal will come under the well settled rule that if one cotenant purchases an outstanding title, and claims under it the common property as against the others, if they contest it his claim will not be allowed, because it must be presumed that each, as to the common interest, acts for all. 7 R. C. L., 867; 62 C. J., 456; 14 Am. Jur., 126; *Gearhart v. Gearhart,* 6 A. L. R., 291; *Tanney v. Tanney,* 28 Atl., 287. That is to say, if one cotenant purchases, either directly or indirectly, at a foreclosure sale he cannot, by his own act, thus sever the cotenancy.

Conversely, if a third person, without collusion, purchases the common property at a sale for the debt of all, and afterwards conveys the title to one of the former cotenants, such cotenant will take a good title as against his cotenants. The sale thus made in good faith destroys the tenancy in common and each cotenant thereafter is free to purchase in his own behalf. *Jackson v. Baird,* 148 N. C., 29; *McLawhorn v. Harris,* 156 N. C., 107, 72 S. E., 211; *Everhart v. Adderton,* 175 N. C., 403, 95 S. E., 614; 7 R. C. L., 867; 62 C. J., 465; 14 Am. Jur., 126. The termination of the cotenancy by the sale in good faith to a third party, under a foreclosure, not brought about or caused by willful or intentional default by one of the cotenants, leaves each former cotenant free to purchase from the one who thus acquired title.

For the law in respect to the duty of a cotenant to apply rents received to the payment of a proper charge against the common property to prevent a sale of the land see *Peabody v. Burri, supra,* and 62 C. J., 445.

At the time of the sale the husband was in possession, as such, under the tenancy by entirety with the right to the usufruct of the land. Equity will not permit him to acquire title to the property under the circumstances alleged by plaintiff, to her exclusion. If plaintiff can establish her allegations that the defendant, being in possession of the property and collecting the rents therefrom, purposely defaulted so as to bring about a foreclosure under which he acquired title, or that the defendant, through the medium of a third party, purchased at the foreclosure sale, he still holds the property in trust for the original cotenants. The determination of these issues requires no reference.

While the plaintiff relies upon the plea of the statute of limitations by defendant to defeat the order of reference, it is quite apparent upon the

face of the pleadings that this plea is without merit. The alleged fraudulent or fictitious sale was had in March, 1939. This action was instituted 15 May, 1941. Three years had not elapsed.

In his answer the defendant admits that he may have been able to pay the installments maturing under the mortgage but asserts that he was not called on to do so by reason of the plaintiff's conduct in abandoning him and her other conduct which caused the separation and ultimate divorce. He alleges that such conduct relieved him of any and all obligations to the plaintiff. This does not constitute a defense. The existence of an estate by entirety is not dependent upon the good conduct of the respective tenants and it is not destroyed by the bad conduct of either. "It is not an implied condition, annexed to an estate by entirety, that each of the grantees shall remain faithful to the obligations of the married state, and shall not cause the dissolution of the marital relation upon which the estate depends; and the disregarding of such obligation, resulting in a divorce, does not, therefore, terminate the interest of the guilty spouse in the land held by the entireties." 13 R. C. L., 1123; *Stelz v. Shreck,* 128 N. Y., 263, 28 N. E., 510; 13 L. R. A., 325.

It may not be amiss for the plaintiff to apply to the court below for leave to amend or redraft her complaint.

The judgment below is
Reversed.