JACK P. TILLEY v. MARY GOOD TILLEY AND EVA CROAFF GOOD

No. 7417SC858

(Filed 15 January 1975)

1. Tenants in Common § 6— default on deed of trust — purchase by tenant in common — other tenant's interest not affected

Where plaintiff and defendant owned the property in question as tenants in common, defendant in consideration of the right to exclusive possession of the property obligated herself to the plaintiff to make the payments on their joint obligation to a savings and loan association, defendant failed to make the payments, the deed of trust securing the indebtedness was foreclosed and defendant became the last and highest bidder at the foreclosure sale, defendant assigned her bid to her mother who purchased the property, obtained another loan secured by a new deed of trust, paid off the original indebtedness and reconveyed the property to defendant, the defendant's indirect purchase of the property inured to the benefit of her cotenant, and plaintiff is entitled to a one-half undivided interest in the property.

2. Tenants in Common § 6— default on deed of trust — purchase by tenants in common — claim of other tenant on property — defense available to tenant defaulting

Where defendant agreed to make payments on a loan secured by a deed of trust on property which the parties owned as tenants in common as consideration for her possession of the property, allegations by

Tilley v. Tilley

defendant in her answer and the evidence offered in support thereof that she was financially unable to make the payments on the deed of trust because the plaintiff breached his contract to make payments for the support and maintenance of the children of the marriage did not constitute a defense to plaintiff's claim to be declared an owner of the property as a tenant in common after defendant purchased the property at a foreclosure sale.

APPEAL by defendant from *Rousseau, Judge,* 3 June 1974 Session of Superior Court held in SURRY County. Heard in the Court of Appeals on 20 November 1974.

In this civil action plaintiff, Jack P. Tilley, divorced husband of the defendant, Mary Good Tilley, prays (1) that the court adjudicate him the owner of a one-half undivided interest in certain real property subject to a deed of trust to Workmen's Federal Savings and Loan Association, Mt. Airy, N. C., (2) that he recover from the defendant $3,000.00 for breach of contract, and (3) that the court decree that the defendant has forfeited her right under a deed of separation to possession of the real property.

The following facts are established by the pleadings filed in this cause: Plaintiff and defendant were married on 28 December 1951. In October of 1968 they entered into a deed of separation which in pertinent part provides:

"1. The parties hereto acknowledge that they are the owners of a tract or parcel of land containing approximately ten acres in Mount Airy Township. The parties further acknowledge that their dwelling is located on the above-mentioned tract of land and all household and kitchen furniture accumulated during the marriage is located in said dwelling and that the aforesaid real property is subject to a deed of trust in favor of United Savings and Loan Association, Mount Airy, North Carolina.

The husband gives to the wife the right to possession of their dwelling, together with all household and kitchen furniture located therein, but only for use as a residence of the wife and children of the parties. The possession of the dwelling herein granted to the wife shall terminate at such time as the dwelling shall cease to be used as a residence for both the wife and one or more children or at such earlier time as the wife may become married to another.

The wife agrees that she will properly maintain the dwelling and will make the monthly payments to United

Savings and Loan Association, and will keep the loan current so long as she is entitled to possession of the above-described property and subject to such further agreements as may be reached by the parties relating to the possession or sale of the property. A violation of this paragraph shall cause wife to forfeit her right to possession under the terms of this agreement."

Under the deed of separation, defendant also received custody of the four minor children and plaintiff contracted to pay $200 per month to the defendant for their support. Subject to the defendant's right of possession, plaintiff and defendant retained title to the real property in their joint names.

Plaintiff and defendant obtained an absolute divorce on 1 December 1969. On 29 November 1972, upon default by the defendant in the payments under the note and deed of trust, the trustee sold the property at public auction. Defendant was the highest bidder at the foreclosure sale. She then assigned her bid to her mother, Eva Croaff Good. Mrs. Good obtained a new loan secured by a deed of trust on the property in favor of Workmen's Federal Savings and Loan Association, paid off the original deed of trust to United Savings and Loan Association, and reconveyed the property to the defendant subject to the new deed of trust.

In his complaint, plaintiff alleged that the defendant intentionally and fraudulently breached her contract to make the payments on the note secured by the deed of trust with the specific intent to defraud him of his one-half undivided interest in the property.

Defendant filed answer, making the judicial admissions enumerated above, but denied that she intentionally or fraudulently breached the contract with the plaintiff with the intent to defraud the plaintiff of his one-half undivided interest in the property. She alleged that her failure to make the payments as provided by the contract was occasioned by the plaintiff's breach of his contract to make certain payments for the support and maintenance of the children.

At trial, plaintiff introduced into evidence various paragraphs of the complaint and answer establishing the judicial admissions enumerated above and the various written documents, instruments, and records reflecting these admissions. The plaintiff also testified as to the value of the property.

Tilley v. Tilley

The defendant offered evidence tending to show that she was financially unable to make the payments because the plaintiff had not made certain payments for the support and maintenance of the children as provided in the deed of separation.

At the close of all the evidence, the trial court allowed defendant Eva Croaff Good's motion for a directed verdict.

The following issue was submitted to and answered by the jury in favor of the plaintiff:

"Did the defendant breach her contract with the plaintiff by failing to keep the payments current on the note and deed of trust so as to prevent foreclosure?"

From a judgment declaring plaintiff the owner of a one-half undivided interest in the property as a tenant in common with the defendant, declaring that the defendant had forfeited her right to possession of the property as granted by the deed of separation, and declaring that both plaintiff and defendant were entitled to possession of the property as tenants in common, defendant appealed.

*William G. Reid for plaintiff appellee.*

*Gardner, Gardner and Bell by John W. Gardner for defendant appellant.*

HEDRICK, Judge.

The defendant's several assignments of error raise two questions: (1) Does the record support the judgment; and (2) Did the trial court err in not considering as a defense to plaintiff's claim defendant's allegation and evidence offered in support thereof that she did not intentionally or fraudulently default in the payments on the note secured by the deed of trust on the property with the specific intent to defraud the plaintiff of his interest in the property, but that she was financially unable to make the payments because the plaintiff breached the contract to make certain payments for the support and maintenance of the children?

"In accordance with the general principle that adversary title acquired by a cotenant inures to the benefit of his cotenants, the rule in most states is that where property owned in common is sold at a judicial sale or pursuant to a power contained in a deed of trust for the purpose of satisfying an obligation which

rests alike upon all of the coproprietors, none of them can purchase the estate for his own sole benefit. If one of them buys it, he does so subject to the right of the others to contribute to the purchase price and participate in the benefits. Under this view, where one cotenant of an encumbered estate bids it in at a judicial sale (or a sale under a power) for the satisfaction of a common obligation, the purchase inures to the benefit of all the cotenants, provided they stand on their rights and seasonably contribute their respective proportions of the amount paid." 20 Am. Jur. 2d, Cotenancy and Joint Ownership, § 71, p. 169 (footnotes omitted).

This general rule has been applied in North Carolina in *Hatcher v. Allen,* 220 N.C. 407, 17 S.E. 2d 454 (1941), where it is stated:

> "If a cotenant purchases, either directly or indirectly, at a foreclosure sale under a mortgage or deed of trust binding on all the cotenants his purchase inures to the benefit of his cotenants and he will be regarded as holder for his cotenants. [citations omitted.]

> Where a tenant in common purchases an outstanding title, it is presumed to have been done for the common benefit, and as a general rule purchase or extinguishment of an outstanding title, encumbrance or claim by one tenant in common inures to the benefit of his cotenants at their option. However, such a purchase is not void, but the purchasing tenant is ordinarily regarded as holding the title or interest acquired in trust for all of the cotenants who must elect within a reasonable time to avail themselves thereof. [citations omitted.]

> Where the purchase by a third person was only nominal, he merely acting as agent for one of the cotenants, a deed to him will be considered as a matter of form merely and a conveyance from him to his principal will come under the well settled rule that if one cotenant purchases an outstanding title, and claims under it the common property as against the others, if they contest it his claim will not be allowed, because it must be presumed that each, as to the common interest, acts for all. [citations omitted.] That is to say, if one cotenant purchases, either directly or indirectly, at a foreclosure sale he cannot, by his own act, thus sever the cotenancy."

Tilley v. Tilley

[1] The record contains judicial admissions that the plaintiff and the defendant owned the property in question as tenants in common; that the defendant in consideration of the right to exclusive possession of the property obligated herself to the plaintiff to make the payments on their joint obligation to United Savings and Loan Association; that the defendant failed to make the payments and the deed of trust securing the indebtedness was foreclosed, and the defendant became the last and highest bidder at the foreclosure sale; that the defendant assigned her bid to her mother who purchased the property and, after obtaining another loan secured by a new deed of trust to Workmen's Federal Savings and Loan Association, paid off the original indebtedness and reconveyed the property to the defendant. Under these circumstances, we think the conclusion is inescapable that the defendant's indirect purchase of the property inured to the benefit of her cotenant and that the plaintiff is entitled to a one-half undivided interest in the property.

The pleadings clearly show that the plaintiff and defendant were owners as tenants by the entireties of the property in question prior to the time they entered into the deed of separation. This estate was altered, and they became owners of the property as tenants in common by operation of law upon their absolute divorce on 1 December 1969. *Koob v. Koob,* 283 N.C. 129, 195 S.E. 2d 552 (1973) ; *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530 (1959). Thus, it is clear that neither their ownership of the property as tenants by the entireties nor as tenants in common was dependent on the deed of separation. *Hatcher v. Allen, supra.* It follows, therefore, that a breach of the terms of the deed of separation by either the plaintiff or the defendant would have no legal significance in determining their interest in the property as owners even though the deed of separation provided that the defendant in consideration of her making the payments on the joint obligation of the parties to United Savings and Loan Association was given the exclusive right to possession of the property.

The contract further provided that the plaintiff would make certain payments to the defendant for the support and maintenance of the children. Breach of this personal contract upon the part of either the plaintiff or the defendant would render that party liable to the other in damages for such breach, but such a breach could not and would not work a forfeiture of his or her interest in the property as an owner.

**[2]**   We conclude, therefore, that the allegations by the defendant in her answer and the evidence offered in support thereof that she was financially unable to make the payments on the deed of trust because the plaintiff breached his contract to make payments for the support and maintenance of the children does not constitute a defense to plaintiff's claim to be declared an owner of the property as a tenant in common with the defendant.

It is our opinion and we so hold that no error prejudicial to the defendant was committed in the trial of this cause and the defendant's judicial admissions coupled with the jury's verdict support the judgment entered.

No error.

Chief Judge BROCK and Judge MARTIN concur.