Evan W. JOLLEY and Janine B. Jolley, Plaintiffs and Appellants,

v.

J. Preston CORRY and Romona L. Corry, his wife, Defendants and Respondents.

No. 17860.

Supreme Court of Utah.

Sept. 13, 1983.

Hans Q. Chamberlain, Thomas M. Higbee, Cedar City, for plaintiffs and appellants.

Patrick H. Fenton, Cedar City, for defendants and respondents.

OAKS, Justice:

This suit to quiet title turns on the nature of the rights and duties of cotenants when one acquires the subject property at a sale under a trust deed. The facts are undisputed.

In 1974, Preston and Romona Corry, husband and wife, executed a trust deed to secure an $8,400 obligation to the Lockhart Finance Co. The trust deed covered a five-acre unimproved property on which the Corrys were the record owners as joint tenants. This deed was promptly recorded. In 1978, a third party recovered a judgment against Preston Corry, and in due course Preston's interest in the subject property was levied upon and sold for $6,300 at a sheriff's sale to Evan and Janine B. Jolley, husband and wife. The Jolleys made no attempt to check the record title before purchasing at the sale and were unaware of Preston's joint tenancy with Romona or of the trust deed to Lockhart. There was no attempt to redeem, and on March 20, 1979, the Jolleys obtained the appropriate sheriff's deed, which conveyed Preston Corry's interest in the subject property.

The rule that a joint tenancy is severed by one tenant's voluntary conveyance to a third party, *Tracy-Collins Trust Co. v. Goeltz,* 5 Utah 2d 350, 301 P.2d 1086 (1956), is also applied to involuntary conveyances pursuant to judicial sales. *Pepin v. Stricklin,* 114 Cal.App. 32, 299 P. 557 (1931); *Hilborn v. Soale,* 44 Cal.App. 115, 185 P. 982 (1919); *New Haven Trolley & Bus Employees Credit Union v. Hill,* 145 Conn. 332, 142 A.2d 730 (1958); 20 Am.Jur.2d *Co-tenancy and Joint Ownership* § 21 (1965). Consequently, after the above events the beneficial interest in the property was owned as tenants in common by Romona Corry on the one hand and by the Jolleys on the other, subject, of course, to the trust deed in favor of Lockhart.

In 1979, Lockhart served a notice of default under the trust deed, and in due course, when the balance due remained in default, caused the property covered by the trust deed to be offered for sale by the trustee at a public auction on July 3, 1979, pursuant to our Act Relating to Trust Deeds, U.C.A., 1953, § 57-1-19, *et seq.* The following parties submitted bids at the sale: Lockhart, $3,000; Evan Jolley, $3,025; and Romona Corry, $6,000. The property was sold to the highest bidder, Romona Corry, who received the trustee's deed for a 100 percent interest in the property. The $6,000 proceeds of sale were sufficient to retire the Lockhart obligation of $5,846.66 ($4,700 plus interest), together with all costs and fees.

Thereafter, the Jolleys brought this suit against the Corrys, seeking to quiet title to a 100 percent interest in the property or, in the alternative, to obtain a judgment for the $6,300 plus interest by which, they alleged, the Corrys had been unjustly enriched at their expense. After hearing the matter, primarily on stipulated facts, the district court gave judgment for the defendants, declaring 100 percent title in Romona Corry and no unjust enrichment.

Both parties seek a decree quieting their title in 100 percent of the property. However, as noted above, prior to the sale under the Lockhart trust deed the property was owned as tenants in common. As a result, the Jolleys cannot claim more than a half interest, because that is all they purchased at the sheriff's sale after the foreclosure on Preston's interest. As the successful purchaser at the trust deed sale, Romona Corry obtained at least the half interest she had owned previously.

The only question on this appeal is whether Romona Corry acquired the Jolleys' half interest by reason of her successful purchase at the trust deed sale. In other words, is the current ownership en-

tirely in Romona Corry, as the district court held, or 50 percent in the Jolleys and 50 percent in Romona Corry, as it was before the sale under the trust deed? We hold the latter because these parties were cotenants and because Romona was personally liable for the Lockhart obligation secured by the trust deed.

The Jolleys argue that since Romona was a tenant in common with them, she had a fiduciary duty to represent their interests in all transactions affecting their property. Consequently, they argue, they are entitled to a decree that her purchase at the trustee's sale was for the benefit of all the cotenants. *Hatcher v. Allen,* 220 N.C. 407, 17 S.E.2d 454 (1941) (purchase at foreclosure sale); *Hayden v. Hughes,* 147 Kan. 511, 77 P.2d 938 (1938) (purchase at foreclosure sale).

We have recently reaffirmed the special relationship of confidence and trust that exists among cotenants and applied it to the requirements for acquisition of title by adverse possession, *Olwell v. Clark,* Utah, 658 P.2d 585 (1982), and to the .purchase of property at a tax sale. *Massey v. Prothero,* Utah, 664 P.2d 1176 (1983). *See generally* Annot., 85 A.L.R. 1535 (1933); Annot., 54 A.L.R. 874 (1928); Annot., 6 A.L.R. 297 (1920). We need not decide whether the principles applied in the cited authorities and in our earlier decision in *McCready v. Fredericksen,* 41 Utah 388, 126 P. 316 (1912) (cotenant and tax sale), would put one cotenant under a fiduciary duty to act for all cotenants in any and all circumstances. It is sufficient for the resolution of this case that a cotenant who is personally liable on a secured debt could not suffer default on that obligation and then extinguish the interests of his or her cotenants by purchasing at the resulting sale by foreclosure or trust deed.

This case is governed by the equitable principle that one should not profit by his own wrong. The North Carolina Supreme Court applied that principle in circumstances identical to the present case, holding as follows:

> One tenant in common, under obligation to discharge an encumbrance on the land, may not procure a foreclosure sale thereunder and acquire, either directly or indirectly, the title to the entire interest in the land to the exclusion of his cotenant. Equity will declare him to have purchased for the benefit of the other.

*Sutton v. Sutton,* 211 N.C. 472, 473, 190 S.E. 718, 718–19 (1937). In *Cecil v. Dollar,* 147 Tex. 541, 218 S.W.2d 448, 449–50 (1949), the Texas Supreme Court gave the same relief upon its holding that it would be "unconscionable" and "inequitable" to allow an obligor who had sufficient funds to pay his debt to forego payment and then acquire the interest of his cotenant at the resulting trustee's sale. An early case to the same effect, on similar facts, is *Van Horne v. Everson,* 13 Barb. (N.Y.) 526, 529 (1852), where the appellate court relied for its decision on what it called "one of the oldest and wisest maxims of the common law—that no man shall take advantage of his own wrong . . . ." We recently applied that same maxim in holding that a property owner could not strengthen his own title by purchasing at a tax sale brought about by his own default. *Dillman v. Foster,* Utah, 656 P.2d 974, 979 (1982). While that case was not a contest between cotenants, its principle applies *a fortiori* where the victim of the attempted wrong is the cotenant of the malefactor. *Accord, McCready v. Fredericksen, supra.*

Because Romona Corry was personally liable on the obligation to Lockhart, she could not extinguish the interests of her cotenants by purchasing at the sale resulting from her own default.[1] As a result, she

---

1. This holding is not contrary to *Clawson v. Moesser,* Utah, 535 P.2d 77 (1975), which holds that an obligor can redeem from a judicial sale without reviving interests that were ahead of his own before both were extinguished by the foreclosure of an interest superior to both. The rights extinguished in that case were not the rights of a cotenant. The rule in *Clawson v. Moesser,* which is contrary to the rule in some other jurisdictions, 55 Am.Jur.2d Mortgages §§ 801, 802 (1971); Annot., 111 A.L.R. 1285 (1937), should not be applied at the expense of a cotenant of the acquiring obligor.

purchased for the benefit of all the cotenants, in proportion to their respective interests. The Jolleys are therefore entitled to a decree quieting title to their 50 percent share of the property. As a general rule, such relief would be contingent upon the plaintiffs' reimbursing the purchaser for their pro rata share of the purchase price. *Massey v. Prothero,* 664 P.2d at 1178; 74 C.J.S. *Quieting Title* § 102 (1951); 27 Am. Jur.2d *Equity* § 135 (1966); 41 Am.Jur.2d *Improvements* § 35 (1968). That rule is inapplicable where, as here, the purchaser was personally liable for the obligation, so the purchase price was a payment of the purchaser's debt rather than an advance for the benefit of all the cotenants.

Reversed and remanded for the entry of a decree in conformity with this opinion. Costs to appellants.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.